UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

XIUMING ZHANG,

              Petitioner,

    v.

JULIO HERNANDEZ et al.,

              Respondents.

Case No. 2:26-cv-02174-TMC

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

## I.    INTRODUCTION AND BACKGROUND

Petitioner Xiuming Zhang, a citizen of China, entered the United States without inspection in January 2025 and applied for asylum in June 2025. Dkt. 1 ¶¶ 21–23. She was apprehended by Department of Homeland Security officials in June 2026 and is currently detained at the Northwest ICE Processing Center in Tacoma, Washington. Dkt. 1 ¶¶ 24–28. She has not received a bond hearing to determine if she can be released pending her removal proceedings. Dkt. 6 at 4.

On June 23, 2026, Petitioner filed a petition for writ of habeas corpus, arguing that her mandatory detention violates the Immigration and Nationality Act ("INA") because she is entitled to consideration for release on bond under 8 U.S.C. § 1226(a), and in the alternative that her detention without bond violates due process. Dkt. 1 ¶¶ 30–54. On July 8, Federal

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

Respondents filed a return to the habeas petition. Dkt. 6. Petitioner filed a traverse on July 13. Dkt. 9. Because Petitioner's mandatory detention violates the INA, the Court GRANTS the habeas petition.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

While Petitioner does not expressly claim class membership in her initial petition, she argues that her mandatory detention under § 1225(b)(2) is unlawful and cites the *Rodriguez Vazquez* decision. Dkt. 1 ¶¶ 1–6. While Federal Respondents express their continued

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioner is a member of the Bond Denial Class. Dkt. 6 at 4.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioner is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Petitioner has shown that her mandatory detention under § 1225(b) violates the INA, entitling her to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

### IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.    Within fourteen days of receiving Petitioner Xiuming Zhang's request for a bond hearing, Respondents must either release her or provide her a bond hearing under 8 U.S.C. § 1226(a).

3.    If Petitioner is released, Respondents must return to the Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4.    Nothing in this order prevents an Immigration Judge from granting a request from Petitioner for a continuance in her bond proceedings.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are encouraged to confer on any fee request before filing a petition.

Dated this 16th day of July, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3